**CITY OF INDEPENDENCE, Appellee,**

v.

**TECTOR, Appellant.**

[Cite as *Independence v. Tector* (1996), 116 Ohio App.3d 359.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70202.

Decided Dec. 5, 1996.

*Thomas P. Gill*, for appellee.

*L. Ray Jones* and *David L. McArtor*, for appellant.

PATTON, Judge.

Defendant-appellant Troy Tector contends that the trial court erred by suspending his driver's license for a period of five years on probation when the maximum statutory period provided for only a one-year suspension.

On May 20, 1995, defendant was issued three driving citations. The citations were for driving under suspension in violation of R.C. 4507.02(B)(1), improper lane change in violation of R.C. 4511.39, and falsification (giving a false statement), in violation of R.C. 4507.36.

On May 30, 1995, defendant appeared in Garfield Heights Municipal Court and pleaded no contest to the three charges.

On the charge of driving under a suspended license, the trial court imposed a fine of $1,000 and a prison term of one hundred eighty days. The trial court subsequently suspended all but forty-five days of the prison term and all but $500 of the fine. In consideration of this, the trial court placed defendant on five years' probation, along with the requirement that he not operate a motor vehicle until further order.

On December 6, 1995, defendant filed a motion to reduce his driver's license suspension. The trial court denied this motion, stating, "Defendant was placed on probation by this court for a period of five (5) years, a condition of which was that defendant not operate a motor vehicle during said probation. Accordingly, the motion of defendant is overruled."

It is from this order that defendant timely filed a postconviction motion for relief to vacate or set aside the sentence of the trial court pursuant to R.C. 2953.21.

Defendant's sole assignment of error states as follows:

"The trial court erred in depriving appellant of his driving privileges for a period of five years as a condition of probation for the offense of driving under suspension in violation of Ohio Revised Code 4507.02(B)(1), because the maximum suspension permitted by law is one year, per Ohio Revised Code 4507.99(C)(4)."

Defendant argues that the imposition of the five-year driver's license suspension on probation was an abuse of discretion on the part of the trial court because a trial court may not use a probation condition as a device to exceed the maximum statutory penalty limits.

In contrast, the city contends that a trial court has wide latitude in imposing conditions on probation. The city also maintains that the conditional probation given defendant meets the three-prong test set forth in *State v. Jones* (1990), 49

Ohio St.3d 51, 53, 550 N.E.2d 469, 470, which determines whether a particular condition of probation is an abuse of discretion.

Driving with a suspended license is a violation of R.C. 4507.02(B)(1). The penalty section for that violation is R.C. 4507.99(C)(4). R.C. 4507.99(C)(4) classifies driving with a suspended license as a misdemeanor and provides:

"[T]he court, in addition to or independent of all other penalties provided by law, may suspend for a period *not to exceed one year* the driver's or commercial driver's license or permit or nonresident operating privilege of an offender who is sentenced under division (C)(1), (2), or (3) of this section." (Emphasis added.)

However, R.C. 2929.51(D)(1) and (2) grant a court the authority, when sentencing a person for a misdemeanor, to suspend the sentence and place defendant on probation upon any terms the court considers appropriate. Furthermore, R.C. 2951.02(C) allows the court to place requirements on probation. It stated as follows:

"When an offender is placed on probation, or when his sentence otherwise is suspended * * * the probation or other suspension shall be at least on condition that, during the period of probation or other suspension, he shall abide by the law and not leave the state without the permission of the court or his probation officer. *In the interest of doing justice, rehabilitating the offender, and ensuring his good behavior, the court may impose additional requirements on the offender * * *.* Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." (Emphasis added.) Am.Sub.H.B. No. 687, 145 Ohio Laws, Part IV, 6790, 6801–6802.

In the present case, defendant's license was suspended by the trial court for five years as a condition of probation. The maximum period of suspension allowed by R.C. 4507.99(C)(4) for driving with a suspended license is one year. This conflict creates an issue of whether a trial court can enhance a defendant's sentence by more than the statutorily allowed maximum through the use of conditional probation.

The general rule in Ohio is that a trial court has broad discretion in sentencing within statutory limits, and thus unless the trial court abused its discretion in imposing a sentence on a defendant, a reviewing court will not overturn the sentence. *State v. Longo* (1982), 4 Ohio App.3d 136, 141, 4 OBR 228, 233, 446 N.E.2d 1145.

The state essentially argues that the five-year conditional license suspension imposed by the trial court was not an abuse of discretion because it met the three-prong test set forth in *Jones.* In *Jones,* the Supreme Court devised a three-prong test for determining whether a certain condition of probation is an

abuse of discretion. For the condition to be valid, it must (1) be reasonably related to rehabilitating the offender, (2) have some relationship to the crime of which the offender was convicted, and (3) relate to conduct that is criminal or reasonably relate to future criminality and serve the statutory ends of probation. *Id.*, 49 Ohio St.3d at 53, 550 N.E.2d 469 at 470.

However, the *Jones* analysis is not relevant to the instant case "because application of the three-prong test presupposes the existence of a penalty which is not statutorily prohibited and is within statutory limits." *Columbus v. Davis* (May 30, 1991), Franklin App. No. 90AP–1423, unreported, 1991 WL 94452. In *Davis*, defendant pleaded guilty to reckless operation of a motor vehicle, which carries a maximum one-year license suspension. The trial court suspended defendant's sentence of imprisonment and gave him five years of conditional probation, with one of the conditions being that defendant not operate any motor vehicle during the probation. The Franklin County Court of Appeals reversed the trial court, holding, "A trial court may not use a probation condition as a device to indirectly enhance the statutory maximum penalty."

Applying this reasoning to the case before us, we sustain the assignment of error and reverse the judgment of the trial court suspending defendant's driver's license for five years as a condition of probation when the maximum statutory penalty for driving with a suspended license is one year. We hold that a trial court may not use conditional probation as a means to exceed the maximum statutory penalty.

*Judgment reversed.*

NAHRA, P.J., and KARPINSKI, J., concur.