[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 275.]

CITY OF LAKEWOOD, APPELLANT, *v.* HARTMAN, APPELLEE.

[Cite as *Lakewood v. Hartman*, 1999-Ohio-101.]

*Criminal law—Probation—Trial court vested with discretion in determining proper conditions of probation—Trial court did not abuse its discretion in restricting defendant's driving privileges and ordering an ignition interlock device installed in defendant's automobile as a condition of probation, when.*

(No. 98-1368—Submitted May 18, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72622.

———————————

{¶ 1} At 1:12 a.m. on April 5, 1997, Lakewood Police Officer Allen Beno was eastbound on Madison Avenue on routine patrol when he was temporarily blinded by the "high beams" of a westbound white Chevrolet Camaro. Officer Beno stopped the vehicle and approached the driver of the vehicle, identified as appellee, Rhonda Hartman ("Hartman").

{¶ 2} Officer Beno advised Hartman of the reason for the stop, at which point, Hartman informed Officer Beno that her license was under suspension. However, Hartman also advised Officer Beno that she had driving privileges, allowing her to drive for the purpose of grocery shopping. Upon being advised of the status of Hartman's license, Officer Beno asked Hartman where her groceries were. Hartman responded that she had only purchased a "pop."

{¶ 3} Officer Beno then checked the status of Hartman's license through a "LEADS" search. This search indicated that Hartman's license was under a Financial Responsibility Act suspension. In addition, the search indicated that Hartman's license was under suspension pursuant to a conviction for driving under the influence of alcohol ("DUI"). Noting that Hartman did not appear to be driving

due to any emergency, Officer Beno cited Hartman for driving under suspension ("DUS") and caused her automobile to be towed to an impound lot.

{¶ 4} When Hartman appeared in the Lakewood Municipal Court for a pretrial hearing on the DUS charge, the city prosecutor moved to amend the charge to driving without a valid operator's license ("DWOL"). The record indicates that Hartman was given the amended charge because she represented that she believed she was driving in compliance with an earlier order issued by the Oberlin Municipal Court. The Oberlin Municipal Court had found Hartman guilty of DUI, but granted her conditional driving privileges for occupational, grocery, medical, and day care purposes, and to attend AA meetings.

{¶ 5} After determining that the plea was voluntarily and knowingly made, the court accepted Hartman's plea of no contest to the amended charge of DWOL in violation of Lakewood Codified Ordinances 335.01. This charge is a first degree misdemeanor with a maximum penalty of a $1,000 fine and up to six months in jail.

{¶ 6} Prior to sentencing, the trial court reviewed Hartman's driving record. The record indicated that Hartman had been convicted of DUI four times in a four-year period. It also indicated that Hartman had been convicted of driving under suspension on eight occasions since 1993.

{¶ 7} In light of Hartman's driving record, the trial court imposed the maximum sentence of a $1,000 fine and six months in jail. However, the court suspended the entire jail sentence and $750 of the fine, and placed Hartman on three years' probation. The conditions of probation allowed Hartman to drive only to and from work. As an additional condition of probation, the court ordered Hartman to have an ignition interlock device installed in her car. This device requires the driver of the car to blow into the device in order to start the car. If the device registers alcohol on the breath of the driver, the car will not start.

{¶ 8} Hartman filed a timely notice of appeal in the Cuyahoga County Court of Appeals. The court of appeals reversed the sentencing order and ordered the

cause remanded for resentencing. The court of appeals held that the trial court abused its discretion in ordering Hartman to have the ignition interlock device installed in her car. The court of appeals found that this condition of probation was not related to the offense of which Hartman was guilty, nor was it intended to rehabilitate her. The court of appeals also held that the trial court was within its discretion in imposing the maximum sentence and would have remained so had it refused to suspend any portion of the sentence.

{¶ 9} The trial court, upon the recommendation of the court of appeals, sentenced Hartman to the maximum six months in jail. This sentence, however, has, according to the city prosecutor, been stayed pending appeal to this court.

{¶ 10} The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Kevin M. Spellacy*, Lakewood City Prosecutor, *Matthew J. King* and *Jennifer L. Swallow*, Assistant City Prosecutors, for appellant.

———————————

**MOYER, C.J.**

{¶ 11} The sole issue presented here is whether the trial court abused its discretion in restricting Hartman's driving privileges and ordering that she have an ignition interlock device installed in her automobile as a condition of probation for the offense to which she pled guilty, driving without a valid operator's license. For the reasons that follow, we find that the trial court did not abuse its discretion in ordering the conditions of probation under the circumstances of this case.

{¶ 12} A trial court is vested with discretion in determining the proper conditions of probation. R.C. 2951.02; *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470. R.C. 2951.02(A)(1) provides:

"In determining whether to suspend a sentence of imprisonment upon an offender for a misdemeanor and place the offender on probation * * *, *the court*

*shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender."* (Emphasis added.)

**{¶ 13}** The statute clearly designates that a court shall consider several factors in determining whether to place an offender on probation. It follows that these factors should be considered in determining the appropriate conditions of such probation. Additionally, R.C. 2951.02(C)(1)(a) provides mandatory conditions of probation for misdemeanor offenders. The section further provides that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *."

**{¶ 14}** In *Jones* this court set forth the test to determine if conditions of probation are related to "the interests of doing justice, rehabilitating the offender, and [e]nsuring [the offender's] good behavior." Pursuant to *Jones*, the court should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime committed, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *Id.* at 53, 550 N.E.2d at 470.

**{¶ 15}** Here, the court of appeals found that restricting Hartman's driving privileges and requiring her to have an ignition interlock device installed on her automobile were not related to the offense of which she was found guilty, nor were these conditions intended to rehabilitate her. We disagree.

**{¶ 16}** When Hartman appeared before the trial court, she had been convicted of DUI on four separate occasions. Additionally, she had been cited for driving with a suspended license eight times. The number of offenses on Hartman's driving record reflects her lack of appreciation for her responsibilities to operate a motor vehicle in conformance with the laws of Ohio. It was reasonable for the trial court to believe that additional conditions were necessary to rehabilitate her and

protect those who may be injured by her conduct.

{¶ 17} Despite the fact that Hartman was not facing an alcohol-related charge when the trial court imposed conditions of probation, we conclude that her driving record supports the imposition of restricted driving privileges and the order requiring the installation of the ignition interlock device. Her suspended license was directly related to her DUI convictions. The installation of the ignition interlock device will protect others from her lack of responsibility. The imposition of such a condition of probation is reasonably related to the crime of which Hartman was found guilty, and will hopefully deter her from future acts of criminal driving. We conclude that the conditions of probation imposed by the trial court do meet the requirements of R.C. 2951.02 as clarified in *Jones*.

{¶ 18} We further note that that the imposition of probation is more likely to advance the goals of probation than the maximum sentence recommended by the court of appeals. Clearly, sentencing Hartman, who is a single mother, to six months in jail and a $1,000 fine is less likely to aid in her rehabilitation than allowing her to continue working and caring for her child.

{¶ 19} For the foregoing reasons, the judgment of the court of appeals is reversed and the original sentencing order of the trial court is reinstated.

*Judgment reversed*

*and order reinstated.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————