JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Dana Madey, convicted upon entering a guilty plea to a charge of misdemeanor assault, appeals from the trial court's sentencing order that specified certain conditions upon its grant of probation to her.
 {¶ 2} Madey argues the terms of probation are unconstitutional and therefore void. Amicus curiae The American Civil Liberties Union ("ACLU") has filed a brief which also urges this court to reverse Madey's sentence as violative of the constitutional guarantee of due process of law.
 {¶ 3} Upon a review of the record, this court determines it is unnecessary to address the constitutional arguments, since they were waived. However, the transcript of the sentencing hearing demonstrates the trial court abused its discretion in pronouncing sentence, therefore, Madey's sentence is vacated and this case is remanded for further proceedings.
 {¶ 4} Madey's conviction results from the circumstances of her arrest after a football game at Cleveland Browns Stadium. According to the transcript of her plea hearing, because Madey "was drunk and wandering the streets," two police officers attempted to take her into custody for her own protection. Madey responded to their efforts by biting and kicking until the officers "restrained her for her own safety."
 {¶ 5} As a consequence of her actions, Madey subsequently was indicted on one count of assault, R.C. 2903.13, with a peace officer specification. Eventually, she entered into an agreement with the state whereby in exchange for the state's deletion of the specification and amendment of the offense to a first-degree misdemeanor rather than a felony, Madey would enter a plea of guilty.
 {¶ 6} The trial court accepted Madey's plea to the amended indictment. It then referred her to the probation department for a presentence investigation. The trial court also permitted Madey to obtain a drug/alcohol assessment by a certified counselor at her own expense.
 {¶ 7} Approximately a month later, the trial court called Madey's case for sentencing. The trial court began the hearing by recounting the circumstances surrounding Madey's arrest. It thereafter permitted defense counsel to place some comments on the record. Counsel attempted to emphasize a few points made in the defense expert's report,[1]
however, he continually was interrupted. Madey briefly addressed the trial court, both to express her gratitude to the police officer for agreeing to reduce the charge and to assert she drank only socially. The trial court then allowed Madey's mother, Rhonda Zornes, to speak. Apparently in reference to statements contained in the defense expert's report, the trial court at one point asked Zornes if she knew "anything about genetic predisposition to alcoholism?" The trial court continued by pointedly requesting of Zornes if she had "ever been on an Indian Reservation?" and if she had ever seen "the Scotch or Irish drinking?" Furthermore, the trial court wanted to know whether Zornes had a concern that her daughter would become "a flaming alcoholic" because, with such an ethnic background, "there [was] nothing she can do about it."
 {¶ 8} At the conclusion of the trial court's exchange with Zornes, it stated the following:
 {¶ 9} "THE COURT: The Court is going to pass sentence, and take into consideration all of the factors in 2929.11 through 14, and the Court would state to you, Ms. Madey, you are clearly a danger to yourself. More so than the Community, although, a drunk can bea danger, if they're driving.
 {¶ 10} You don't have a history of that here, and if you startdrinking like this, you're a danger. You will go out and get yourself attacked, or murdered, or something, and put yourself in these hopeless conditions, which is a bad example, and every time somebody is killed or raped in society, that diminishes the public safety overall.
 {¶ 11} So you are a danger in that sense, but you are a great danger to yourself, and the biggest danger you have is with your mind. You don't seem to appreciate it. You don't get it. It just hasn't dawnedon you yet as to what your problems are, and that you are out of control. Out of control with the drinking episode which could have been the end of you, and you are still out drinking wine, or knocking themdown, and working in a bar, but the Court is going to suspend the sentence of 90 days in the County Jail, and put you on two years probation with the condition of no drinking, no bars, no working in bars,period; that you get alcohol counseling, and that you attend AA/NA/CAmeetings, once per week; that you be given a urinalysis, as seen fit by the PO, and that you write a paper regarding your — for educationalpurposes — on alcoholism and the American Indians.
 {¶ 12} You are aware of the fact —
 {¶ 13} "[Defense Counsel]: Your honor, I would request — [.]"
 {¶ 14} "THE COURT: Hold on. And Court costs, and the cost of supervision, and a $250 fine. Okay. Go ahead."
 {¶ 15} "[Defense Counsel]: Your Honor, I would request, and obviously, I haven't counseled with her about this, but anybody's employment history is harmed when they don't give notice to an employer. I would request that she be permitted, at least, two weeks to give notice — [.]"
 {¶ 16} "THE COURT: Two weeks' notice, and no alcohol consumption, though." (Emphasis added.)
 {¶ 17} Madey has filed her appeal from the foregoing sentence. She presents the following assignment of error:
 {¶ 18} "The trial court erred in ordering terms of probation based on defendant-appellant's race/ethnicity; and all such terms are void as being in violation of the United States Constitution 14th Amendment, Section 1, Equal Protection Clause and against public policy."
 {¶ 19} Madey contends her constitutional right to equal protection of the laws is violated by the terms of probation ordered by the trial court. She asserts that since the terms imposed reflect the trial court's racial and ethnic prejudices, they must be declared void.
 {¶ 20} The ACLU agrees with Madey's contention; in addition it argues that in giving consideration to improper factors such as race or national origin in fashioning its sentence, the trial court also violated Madey's constitutional right to due process of law.
 {¶ 21} This court, however, finds it unnecessary to resolve this case with reference to either Madey's contention or the ACLU's additional argument for two reasons. First, a review of the transcript of the sentencing hearing demonstrates Madey did not raise any objection to the terms of probation imposed by the trial court. Madey therefore waived her constitutional arguments for purposes of appeal. State v. Awan (1986),22 Ohio St.3d 120; State v. Williams (1977), 51 Ohio St.2d 112.
 {¶ 22} Second, constitutional questions will not be decided on appeal unless there actually is a necessity for the decision. HalArtz_Lincoln-Mercury v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph two of the syllabus; Maple Hts. v. Piwinski (1996), 116
 {¶ 23} Ohio App.3d 329. A review of the record in this case demonstrates an alternate basis upon which to determine this appeal.
 {¶ 24} Although ordinarily a trial court is vested with broad discretion in imposing probation conditions, its decision may be reversed if the record reflects the trial court abused that discretion. State v.Jones (1990), 49 Ohio St.3d 51, 52; State v. Sheets (1996),112 Ohio App.3d 1, 8. An abuse of discretion occurs either if the trial court's attitude is arbitrary and unreasonable or if the conditions of probation are unreflective of a genuine interest in both doing justice as well as rehabilitating the offender. State v. Jones, supra at 53; R.C.2951.02(C)(1). Both of the foregoing requirements are met in this case.
 {¶ 25} Initially, a review of the transcript of Madey's sentencing hearing indicates the trial court addressed many of its comments to Zornes rather than to Madey, as if its intent were to admonish the parent rather than the adult child for the child's action.
 {¶ 26} Moreover, the trial court clearly neglected to give any consideration to the actual offense to which Madey entered her plea. Madey had not been arrested in this case for public drunkenness[2] and her plea of guilty was to the misdemeanor offense of assault. However, rather than focusing on the offense, the trial court concerned itself only with Madey's intoxication.
 {¶ 27} In addition, rather than R.C. 2929.22, which lists the statutory factors to consider in imposing sentence for a misdemeanor, the trial court instead referred only to felony sentencing statutes. Furthermore, the trial court indicated it had considered only one factor in reaching its decision on the appropriate sentence: the danger it believed Madey posed.
 {¶ 28} It also is significant to the resolution of this appeal that the trial court made no reference during Madey's sentencing hearing to the report it had received from the probation department.
 {¶ 29} Madey indicated to the probation officer she engaged occasionally in "binge" drinking and could not remember any details of the circumstances surrounding her arrest. This information could have led the trial court to believe Madey was so intoxicated she "blacked out." However, Madey lacked any criminal record, had stable employment and academic records, and also had received a partial scholarship for her continued education. Simply stated, although the record is sufficient to support the trial court's mandate that Madey refrain from consuming alcohol,[3] it is insufficient to support a conclusion Madey had a drinking problem for which she needed not only alcoholism counseling, but weekly attendance at AA meetings and continual supervision for a period of two years; rather, the trial court required more information prior to imposing these conditions.
 {¶ 30} Certainly, requiring Madey both immediately to cease her only employment and also to submit an essay "on alcoholism and the American Indians" are conditions that bear no relation to an interest in doing justice as well as in rehabilitation.[4] Indeed, the state has conceded in its appellate brief the trial court lacked authority to impose the latter condition.
 {¶ 31} A review of the record thus demonstrates the trial court abused its discretion in imposing the chosen conditions of probation upon Madey. Independence v. Tector (1996), 116 Ohio App.3d 359; State v.Richard (1996), 113 Ohio App.3d 141, 145; Warrensville Heights v.Shaffer (June 27, 2002), Cuyahoga App. No.
 {¶ 32} 80482; State v. Carty (Feb. 27, 2002), Cuyahoga App. No. 79213; cf., Lakewood v. Hartman, 86 Ohio St.3d 275, 1999-Ohio-101.
 {¶ 33} Accordingly, Madey's assignment of error is sustained in part. Madey's sentence is vacated and this case is remanded for a new sentencing hearing consistent with this opinion.
 {¶ 34} Madey's motion to stay sentence, which was referred to the panel hearing her case on its merits and requests this court to invalidate the probation conditions imposed by the trial court, is rendered moot.
Vacated and remanded.
Appellant's sentence is vacated and this cause is remanded for resentencing consistent with the opinion herein.
It is, therefore, ordered that appellant and appellee equally share the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. DIANE KARPINSKI, J. CONCUR.
[1] Upon becoming aware Madey had failed in her App.R. 9(A) duty to provide this report, this court ordered her to supplement the record with it.
[2] The record reflects Madey was prosecuted in Cleveland Municipal Court for disorderly conduct and public intoxication.
[3] At oral argument before this court, appellant's counsel conceded this condition validly was imposed upon Madey.
[4] In a journal entry issued subsequent to Madey's sentence, the trial court justified its terms of probation in part because the issue of a "genetic predisposition toward alcoholism" had been raised in the defense expert's report and Madey therefore was being "hypocritical" in challenging the terms imposed. This court, however, upon a review of the report cannot agree that Madey attempted to use her family background to excuse her behavior.