OPINION
{¶ 1} Wesley J. Robinson was convicted in the Xenia Municipal Court, upon his guilty plea, of violating a protection order which required him to have no contact with his former girlfriend, Gwindala Cane. Robinson was sentenced to 180 days in jail, but all of the jail time was suspended on the condition that there be no further violations for five years or while the protection order remained in effect, whichever was longer. The court also imposed two years of "probation re: mental health" and ordered Robinson to pay a fine of $250, plus costs.
 {¶ 2} Robinson raises two assignments of error, in which he objects to two of the terms of his probation. Because these assignments of error are related, we will address them together.
 {¶ 3} "1. The trial court erred in imposing as a condition of probation that Defendant-Appellant submit to random drug screens and urine tests.
 {¶ 4} "2. The trial court erred in imposing as a condition of probation that Defendant-Appellant be subject to an 11:00 p.m. Curfew."
 {¶ 5} In February 2003, Cane obtained a protection order against Robinson that forbade him from having any contact with her. The circumstances surrounding the issuance of the protection order are not apparent from the record except that, for purposes of the presentence investigation, Cane indicated that she had been raped by Robinson in February 2003. On March 24, 2003, Robinson called Cane's cellular phone from his house at 9:00 a.m. and again at 10:45 a.m. A police officer was present with Cane during the second call.
 {¶ 6} Following his plea of guilty to a violation of the protection order and his sentencing, the trial court imposed thirteen "Conditions of Probation," which included the following:
 {¶ 7} "7. I understand that curfew is 11:00 p.m. every night. To be out past this hour, I will first secure permission from my Probation Officer.
 {¶ 8} "* * *
 {¶ 9} "8. I will not possess, use, sell, distribute or have under my control any alcoholic beverage or any narcotic drugs * * *, barbiturates * * *, or any schedule I, II, III, IV, or V controled substances * * *. I will submit to drug and alcoholtesting as requested by the Probation Department or any other Lawenforcement agency while on probation."
 {¶ 10} (Emphasis sic.)
 {¶ 11} There is no suggestion in the record or in the briefs that Robinson was under the influence of alcohol or drugs when he contacted Cane on March 24, 2003, or that he had a substance abuse problem. The curfew also does not relate directly to the circumstances of the offense because Robinson violated the protective order during the day by making phone calls from his house. Because there is no direct connection between these community control sanctions and the underlying offense, Robinson claims that the trial court erred in imposing such restrictions. Robinson contends that these restrictions are unrelated to his crime or his rehabilitation and that they are, therefore, "invalid" restrictions on his liberty.
 {¶ 12} The trial court has broad discretion in imposing conditions of probation. See State v. Talty,103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, citing Lakewood v.Hartman (1999), 86 Ohio St.3d 275, 1999-Ohio-101,714 N.E.2d 902. The reasonableness of conditions of probation may be evaluated using the three-prong test set forth in State v.Jones (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, and followed by this court in State v. Mack (Sept. 24, 1999), Montgomery App. No. 17516. In determining whether a condition of probation is related to the goals of doing justice, rehabilitating the offender, and insuring his good behavior, courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. Jones, 49 Ohio St.3d at 53. The presentence investigation indicated that Cane remained very afraid of Robinson and felt stalked by him. Similarly, the victim witness advocates commented upon Robinson's extreme persistence and their fear that Cane's problems with Robinson could escalate in the future. We also note that Robinson violated the protective order after only one month. Under these circumstances, the trial court could have reasonably concluded that restrictions on Robinson's behavior were warranted. Prohibiting Robinson from engaging in drug or alcohol use was reasonably related to the goal of preventing future criminality and escalation of the conflict with Cane, even though drug and alcohol use did not play a role in this offense. Drug and alcohol testing was a reasonable component of reaching this goal. The eleven p.m. curfew was similarly related to the goal of preventing future criminality. In other words, these conditions — drug and alcohol testing and the curfew — satisfy the third prong of the Jones test, supra. However, we are constrained to agree with Robinson that this record does not demonstrate the relationship of either condition to the first two prongs of the Jones test.
 {¶ 13} The conditions questioned in this case appear to be part of thirteen standard, non-case specific, conditions that the trial court routinely imposes upon persons it places on probation. No doubt, these conditions are rarely challenged. When they are challenged, however, they must pass muster under theJones test.
 {¶ 14} Accordingly, the conditions that Robinson be subject to an eleven p.m. curfew and to drug and alcohol testing will be vacated. If the trial court wishes to reimpose these conditions, its order doing so must explain how these conditions are reasonably related to Robinson's rehabilitation or to the offense of which he was convicted.
 {¶ 15} The first and second assignments of error are sustained.
Fain, P.J. and Brogan, J., concur.