OPINION
{¶ 1} Defendant-appellant, Brian K. Culbertson, appeals the sentence handed down in the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the sentence imposed by the court below.
 {¶ 2} On November 14, 2005, Culbertson was indicted by the grand jury on two counts of Deception to Obtain a Dangerous Drug, felonies of the fourth degree in violation of R.C. 2925.22(A); two counts of Illegal Prossessing of Drug Documents, *Page 2 
felonies of the fourth degree in violation of R.C. 2925.23(C)(1); one count of Receiving Stolen Property, a fourth degree felony in violation of R.C. 2913.51(A); and two counts of Falsification, felonies of the fifth degree in violation of R.C. 2921.13(A)(9).
 {¶ 3} On February 3, 2006, Culbertson entered a plea of guilty to one count of Deception to Obtain a Dangerous Drug and to two counts of Falsification. On the State's motion, the remaining charges against Culbertson were dismissed.
 {¶ 4} On June 28, 2006, the trial court sentenced Culbertson to two years of community control sanctions and suspended his license for six months. Among the Conditions of Supervision agreed to by Culbertson was the following: "I understand that I may not take narcotics of any kind even if prescribed by a physician."
 {¶ 5} Culbertson appeals and raises the following assignment of error: "Whether the trial court erred in making a condition of probation that prohibits Brian Culbertson from using medically prescribed drugs."
 {¶ 6} When sentencing an offender to community control sanctions, the sentencing court may impose conditions it deems "appropriate." R.C.2929.15(A)(1). "In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the [sentencing] court may impose additional requirements on the offender. The offender's compliance with the additional requirements also shall be a condition of the community control sanction imposed upon the offender." R.C.2929.25(B)(2).
 {¶ 7} The trial court has broad discretion in imposing "additional requirements" on an offender as part of their community control sanctions. Cf. State v. Jones (1990), 49 Ohio St.3d 51, 52 (discussing conditions of probation under former R.C. 2951.02); *Page 3 Lakewood v. Hartman, 86 Ohio St.3d 275, 277, 1999-Ohio-101. The trial court's imposition of community control sanctions is reviewed under an abuse of discretion standard. State v. Talty, 103 Ohio St.3d 177,2004-Ohio-4888, at ¶ 10.
 {¶ 8} "The courts' discretion in imposing conditions of probation [community control sanctions]," however, "is not limitless."Jones, 49 Ohio St.3d at 52. "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Id. at 53 (citations omitted).
 {¶ 9} In the present case, the trial court explained the reasoning behind Culbertson sentence as follows: "[I]t's remarkable with your criminal record that you haven't spent more time in jail. * * * Just looking from the time since you've been an adult, there have been offenses that appear to be obviously related to substance abuse; for example, DUI. * * * Other serious offenses, drug offenses, continue to appear on your record all the way up until this case. So up to this point in time, considering the background that you have, it's hard for me to find why you should receive any probation or community controls. * * * You are telling me that you can be successful in rehabilitation. I believe that if you can get off the drugs, that you probably can be law-abiding. I think that's what is causing all of your problems. When you use drugs, you are going to violate the law and you are going to be right back in front of a court again. * * * If you are addicted to pain killers — this is always a particularly difficult problem *Page 4 
because you are going to have to find some alternative way to find pain management because, while you are on probation, you are not allowed to take any narcotic substance, even if it's prescribed by a doctor."
 {¶ 10} Considering the factors set forth in Jones, the requirement that Culbertson avoid narcotic medication, even if prescribed by a doctor, is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior." Culbertson argues that "the legal use of drugs * * * has never been the source of his problems." We disagree. The present charges against Culbertson stem from his attempts to obtain narcotic pain medication (Oxycontin) by using legitimate doctors' prescriptions. Culbertson attempted to fill another person's prescription and obtained several prescriptions in his own name by visiting different doctors. Culbertson's criminal conduct in this case arises out of the abuse of legally prescribed medications. The requirement that Culbertson avoid the use of these medications, therefore, is reasonably related to his rehabilitation, the crimes for which he was convicted, and potential further criminal conduct by Culbertson.
{¶ ll} Even if the condition imposed is reasonably related to the goals of community controls, the condition "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." Id. at 52. Culbertson maintains the condition is overly broad because it leaves him "no alternative to his inherent right to legally obtain prescription medication at the direction of his physician." Culbertson claims to have legitimate needs for narcotic medication for pain resulting from an industrial accident and for treatment for addiction (methadone). *Page 5 
 {¶ 12} We disagree. The condition that Culbertson avoid legally prescribed narcotics impinges upon his liberty, but not unnecessarily so. As noted above, the charges against Culbertson arise out the abuse of legally prescribed medications. Culbertson admits to having a "severe drug addiction" that resulted in Culbertson's criminal behavior. Culbertson will not be able to overcome his addition to prescription narcotics as long as he continues to use prescription narcotics. Moreover, there are alternative treatments for pain as well as for addiction that do not require the use of narcotics. Given the circumstances of Culbertson's criminal behavior, the condition prohibiting the use of narcotics is not overly broad.
 {¶ 13} However, the condition that Culbertson "not take narcotics of any kind" must be strictly construed since it does impinge on Culbertson's liberty. The condition prohibits Culbertson from "taking" narcotic medication. If Culbertson were administered narcotic medications directly by a physician or other authorized medical personnel in a hospital or emergency situation, for example, Culbertson would not be guilty of violating the condition.
 {¶ 14} For the foregoing reasons, the trial court did not abuse its discretion by requiring Culbertson, as part of his community controls, to avoid the use of narcotics, even those prescribed by a doctor. The sole assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs, COLLEEN MARY OTOOLE, J., concurs in judgment only.
 *Page 1