[Cite as *State v. Lewis*, 2011-Ohio-4603.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011 AP 01 0001 |
| RICHARD M. LEWIS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court of
New Philadelphia, Case No. TRD0605110A


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     September 12, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. COLLINS                    MARK A. PERLAKY
ASSISTANT PROSECUTOR          TUSC. COUNTY PUBLIC DEFENDER
150 East High Avenue, Suite 113    153 North Broadway Street
New Philadelphia, Ohio  44663        New Philadelphia, Ohio  44663

*Wise, J.*

{¶1}   Defendant-Appellant Richard M. Lewis appeals from the decision of the New Philadelphia Municipal Court, Tuscarawas County, which imposed community control sanctions following appellant's arrest on an extradition warrant. The relevant facts leading to this appeal are as follows.

{¶2}   In August 2006, a vehicle driven by appellant collided with a motorcycle on County Rd. 69 in Goshen Township, Tuscarawas County. Appellant was thereafter cited with failure to yield on a left turn (R.C. 4511.42) and driving under a license suspension (R.C. 4510.11(A)). On March 26, 2007, appellant pled no contest to both charges and was thereupon found guilty. At a sentencing hearing on May 16, 2007, the trial court sentenced appellant to 15 days in jail, with 165 days suspended for a two-year term of probation supervision with conditions to pay restitution including any outstanding medical bills incurred by the motorcycle rider in the collision, obtain an alcohol abuse assessment, and maintain employment at all times.

{¶3}   At the time of the accident, appellant was a resident of Williamsville, New York. At the time of sentencing, appellant was living in La Mesa, California. He apparently thereafter left Ohio after representing to probation officials that he had steady employment in California.

{¶4}   On or about September 17, 2008, a warrant was issued for appellant's arrest for failure to report to jail for 15 days as ordered.

{¶5}   On November 4, 2010, appellant was arrested in the vicinity of San Diego, California, on the charge of operating a vehicle while intoxicated.   Appellant was

subsequently transported to New Philadelphia via an extradition on the aforesaid warrant.

{¶6}   Appellant was returned to the trial court for a hearing on November 15, 2010. The Tuscarawas County Public Defender was appointed to represent him. On December 14, 2010, appellant admitted to violating his probation by failing to pay court costs as ordered, failing to complete an assessment for alcohol abuse and complete recommended treatment, failing to maintain employment at all times, and failing to serve his 15 days in 2008. Appellant was thus found in violation of his probation and was ordered to serve 165 days in jail. He was also ordered to not leave the State of Ohio without permission of the court and to maintain employment. He was also ordered to complete an assessment at an approved alcohol counseling agency and pay no less than $3,000.00 every four months on past due restitution. Appellant's probation was further extended until May 2012.

{¶7}   Appellant timely filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶8}   "I. THE TRIAL COURT ERRED IN FORBIDDING APPELLANT FROM LEAVING THE STATE OF OHIO AS SUCH DECISION WAS UNREASONABLY RESTRICTIVE AS IT WAS ARBITRARY AND COMPLETELY UNRELATED TO THE GOALS OF COMMUNITY CONTROL SANCTIONS.

{¶9}   "II. THE TRIAL COURT ERRED IN MANDATING THAT APPELLANT LIVE AND WORK IN THE STATE OF OHIO, AS HE WAS NOT A RESIDENT OF OHIO EITHER AT THE TIME OF THE OFFENSE OR AT THE TIME OF HIS

PROBATION REVOCATION, AND THIS UNDULY INTERFERED WITH HIS FUNDAMENTAL RIGHT TO TRAVEL."

I., II.

{¶10} In his First and Second Assignments of Error, appellant contends the trial court erred and violated his constitutional rights in forbidding him to leave the State of Ohio without court permission as a condition of probation. We disagree.

{¶11} A trial court has broad discretion in imposing additional requirements on an offender as part of community control sanctions. *State v. Culbertson*, Ashtabula App.No. 2006-A-0043, 2007-Ohio-1380, ¶7. But it is well-established that probation cannot be overly broad so as to unnecessarily impinge upon a defendant's liberty. *State v. Meldrum,* Stark App.No. 2001 CA00289, 2002-Ohio-1859, citing *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409. Thus, "[w]hile a trial court has broad discretion in imposing probation conditions, that discretion is not limitless. * * * In determining whether probation conditions are reasonably related to the statutory purpose of probation and overbroad, a reviewing court should consider 'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.' " *State v. Coleman,* Scioto App.No. 05CA3037, 2006-Ohio-3200, ¶ 22, citing *State v. Jones* (1990), 49 Ohio St.3d 51, 52-53 (additional citations omitted).

{¶12} Among the fundamental rights under the United States Constitution is the right to interstate travel. See *Massachusetts Bd. of Retirement v. Murgia* (1976), 427

U.S. 307, 312, 96 S.Ct. 2562, 49 L.Ed.2d 520, f.n. 3. At least one Ohio appellate court has determined that it is unconstitutional to impose a five-year probation condition that an out-of-state offender not return to Ohio. See *Casdorph v. Kohl* (1993), 90 Ohio App.3d 294, 295, 629 N.E.2d 34. However, this is the opposite of what occurred in the case sub judice. Specifically, R.C. 2929.25(B)(2) states: "The sentencing court shall require as a condition of any community control sanction that the offender abide by the law and not leave the state without the permission of the court or the offender's probation officer. ***."

{¶13} Appellant maintains that the trial court has provided no rationalization as to why remaining and obtaining employment in Ohio for the duration of his probation period is reasonably related to his rehabilitation or the traffic offenses for which he was convicted. However, appellant's view glosses over his actions upon his 2008 conviction. Appellant undisputedly went to California, where he failed to keep a job, failed to follow up on an alcohol assessment, and paid nothing in restitution. It appears that only extradition following an unrelated arrest in California compelled him to seriously pay attention to his probation requirements in Ohio. Under these circumstances, we are unable to find an abuse of discretion in the trial court's ongoing probation condition of remaining in Ohio. Furthermore, being mindful that enactments of the Ohio General Assembly are presumed to be constitutional (see *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 330 N.E.2d 8960), and having considered the particulars of appellant's probation under a case-by-case analysis, we find no merit in appellant's claim that his constitutional right to interstate travel has been violated in this instance.

**{¶14}** Appellant's First and Second Assignments of Error are therefore overruled.

**{¶15}** For the reasons stated in the foregoing opinion, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

                                                JUDGES

JWW/d 0823

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                      :
                                                  :
    Plaintiff-Appellee                         :
                                                  :
-vs-                                              :           JUDGMENT ENTRY
                                                  :
RICHARD M. LEWIS                                  :
                                                  :
    Defendant-Appellant                        :           Case No. 2011 AP 01 0001


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of New Philadelphia, Tuscarawas County, Ohio, is affirmed.

    Costs assessed to appellant.


_____


_____


_____

JUDGES