FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ALPHONSO GRAHAM BRISCOE,

Petitioner - Appellant,

v.

SHANNON MEYER,

Respondent - Appellee.

No. 22-3054
(D.C. No. 5:18-CV-03300-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner-Appellant Alphonso Briscoe, a state inmate appearing pro se, seeks a

Certificate of Appealability (COA) to appeal from the district court's dismissal of his

habeas petition, 28 U.S.C. § 2254. See Briscoe v. Meyer, No. 18–3300, 2022 WL

670212, at *7 (D. Kan. Mar. 7, 2022). He argues that he was denied effective assistance

of counsel on several grounds, the exclusion of expert testimony denied him due process

and a fair trial, there was insufficient evidence to support his convictions, and cumulative

error violated his right to due process and a fair trial. For the first time on appeal, he also

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

argues that the excessive delay of his state post-conviction proceedings denied him due process. We deny a COA and dismiss the appeal.

## Background

A jury convicted Mr. Briscoe of two counts of attempted first-degree murder and one count of criminal possession of a firearm and the convictions were affirmed on direct appeal. State v. Briscoe, 238 P.3d 763 (Kan. Ct. App. 2010) (unpublished table decision). The case arose out of a shooting that occurred outside a movie theatre. At trial, three eyewitnesses identified Mr. Briscoe as the shooter. Two of the eyewitnesses knew Mr. Briscoe previously, one for approximately 10 years. The trial court also refused to allow the testimony of Mr. Briscoe's expert witness.

After unsuccessfully pursuing state post-conviction relief, see Briscoe v. State, 412 P.3d 1039 (Kan. Ct. App. 2018) (unpublished table decision), Mr. Briscoe filed this federal habeas petition, asserting 12 grounds for relief. The district court found that he had failed to exhaust several of his claims. See Pavatt v. Carpenter, 928 F.3d 906, 916 (10th Cir. 2019). The district court rejected the exhausted claims. Mr. Briscoe appeals his exhausted claims.

## Discussion

To obtain a COA from this court, Mr. Briscoe must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, he "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This court reviews the state court's decisions under the deferential standards of 28 U.S.C. § 2254(d).

### A. Excessive Delay

As a preliminary matter, Mr. Briscoe argues that Kansas excessively delayed his post-conviction proceedings.[1]  However, as Mr. Briscoe did not raise this issue before the district court, we decline to consider the argument. See United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012).

### B. Ineffective Assistance of Counsel

Before the district court, Mr. Briscoe made four exhausted ineffective assistance of counsel claims.  To establish ineffective assistance, Mr. Briscoe must show deficient performance and prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984). Regarding his claim that counsel was ineffective for not cross-examining witness Mary Taylor, the Kansas Court of Appeals determined that he was not prejudiced, notwithstanding that counsel failed to recognize that certain information had been omitted before trial.  Insofar as he claims that counsel failed to impeach witness Shawn Delforge with a prior conviction, the federal district court deemed the claim abandoned.

---

[1]  To the extent Mr. Briscoe argues the district court improperly dismissed his unexhausted claims, he admits he did not exhaust the claims so that he did not "risk[] another 6 or 7 year delay." Aplt. Br. at 8.  In addition, Mr. Briscoe has not argued cause and prejudice.  Consequently, he is not entitled to a COA on these claims as the district court's procedural resolution is not reasonably debatable.  See Slack, 529 U.S. at 484.

3

As to failing to qualify Dr. Lyman as an expert, the Kansas Court of Appeals rejected it for lack of deficient performance and prejudice.  Finally, that court rejected the cumulative error claim as a single error would not suffice.  Mr. Briscoe has not demonstrated that the district court's deferential review of these issues is reasonably debatable.

### C. Exclusion of Expert Testimony

Mr. Briscoe also challenges the trial court's decision not to allow his expert witness.  This court does not disturb a trial court's evidentiary ruling on habeas review unless it "render[s] the trial so fundamentally unfair as to constitute a denial of federal constitutional rights."  Parker v. Scott, 394 F.3d 1302, 1317 (10th Cir. 2005) (quoting Elliott v. Williams, 248 F.3d 1205, 1214 (10th Cir. 2001)).  Here, the district court recognized that the Kansas Court of Appeals upheld the district court's exercise of discretion in excluding this testimony on direct appeal.  On post-conviction, that court again recognized that the trial court's decision did not prevent Mr. Briscoe's counsel from using the materials provided by the expert witness to challenge the state's investigation.  The district court's resolution of this issue is not reasonably debatable.

### D. Insufficient Evidence

Additionally, Mr. Briscoe argues there is insufficient evidence to support his convictions.  This court will not disturb a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443

U.S. 307, 319 (1979).  Here, the district court relied upon the Kansas Court of Appeals decision on direct appeal recognizing that three separate witnesses, two of whom knew Mr. Briscoe previously, identified him as the shooter.  Its decision to deny relief on this claim is not reasonably debatable.

E. Cumulative Error

Finally, Mr. Briscoe argues that the cumulative prejudice of these alleged errors constituted a denial of due process.  However, Mr. Briscoe has failed to demonstrate multiple errors by the trial court.  Consequently, this claim fails.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge