[Cite as *State v. Ballish*, 2024-Ohio-1855.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

SUSAN M. BALLISH,

        Defendant-Appellant.

**CASE NO. 2023-G-0044**

Criminal Appeal from the
Chardon Municipal Court

Trial Court No. 2023 CRB 00658

**O P I N I O N**

Decided: May 13, 2024
Judgment: Reversed; remanded

*Steven E. Patton* and *John W. Bosco*, Assistant Prosecutors, Chardon Municipal Court, 111 Water Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*R. Robert Umholtz*, Geauga County Public Defender, *Paul J. Mooney*, Assistant Public Defender, 211 Main Street, Chardon, OH 44024 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

**{¶1}** Appellant, Susan M. Ballish, appeals the judgment imposing sentence following her guilty plea to one count of theft. For the reasons that follow, we reverse the judgment and remand this matter for further proceedings.

**{¶2}** In 2023, two complaints were filed in the trial court charging Ballish with theft in violation of R.C. 2913.02(A)(3). The complaints alleged that Ballish committed theft in a Walmart on two consecutive days. After initially entering a not guilty plea, Ballish changed her plea to guilty on the theft offense charged in one complaint, and the other complaint was dismissed on the state's motion. On November 1, 2023, the trial court

issued an entry sentencing Ballish to a 180-day term of confinement, fully suspended; one year of probation with certain terms, including drug and alcohol related conditions; and a $250.00 fine.

{¶3} In her sole assigned error, Ballish contends:

{¶4} "The trial court abused its discretion when it imposed the following probation conditions on defendant-appellant: abstain from consuming alcohol; possessing or using drugs, including medical marijuana; submitting to random drug and alcohol testing; and not enter bars except for work purposes."

{¶5} "[C]ommunity control is the functional equivalent of probation[.]" *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16; *State v. Sayers*, 11th Dist. Trumbull Nos. 2022-T-0059, 2022-T-0064, 2022-T-0065, 2022-T-0066, 2023-Ohio-672, ¶ 12 ("community control" and "probation" may be used interchangeably). "We review a trial court's imposition of community control sanctions under an abuse-of-discretion standard." *State v. Bourne*, 11th Dist. Geauga No. 2023-G-0003, 2023-Ohio-2832, ¶ 18, citing *Talty* at ¶ 10. A court abuses its discretion when it fails "'"to exercise sound, reasonable, and legal decision-making."'" *Bourne* at ¶ 18, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶6} With respect to sentencing a misdemeanant to community control sanctions, R.C. 2929.25(A)(1) provides:

> Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of the following:

2

(a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate. If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.

(b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.

{¶7} R.C. 2929.27(A) sets forth specific nonresidential community control sanctions a trial court may impose. Among these sanctions is "a term of drug and alcohol use monitoring, including random drug testing[.]" R.C. 2929.27(A)(8). In addition, R.C. 2929.27(C) provides that the court "may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing."

{¶8} Although a court may impose drug and alcohol use monitoring as community control conditions, Ballish contends that the trial court's discretion in imposing any particular condition is limited by the test set forth in *State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990). Therein, the Ohio Supreme Court held:

> In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is

3

criminal or reasonably related to future criminality and serves the statutory ends of probation.

(Citations omitted.) *Id.* at 53, quoting former R.C. 2951.02(C). Further, the Supreme Court held that probation conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Jones* at 52. Applying the *Jones* standard here, Ballish contends that the drug and alcohol related conditions have no relationship to the theft offense of which she was convicted.

{¶9} In response, the state maintains that the relevant statutory provision on which *Jones* relied, former R.C. 2951.02, has been amended, and, thus, the *Jones* standard does not apply in this case. In support, the state relies on a discussion in *State v. Sturgeon*, 138 Ohio App.3d 882, 885, 742 N.E.2d 730 (1st Dist.2000), wherein the First District explained:

> The parties urge us to review the validity of the contested condition under the three-part test set forth in *State v. Jones.* The language of that test, however, was taken from the text of former R.C. 2951.02(C), which, prior to the amendments effectuated by Am.Sub.S.B. No. 2, applied to additional conditions of probation imposed on an offender convicted of either a misdemeanor or a felony. Specifically, former R.C. 2951.02(C) provided that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *." Following Senate Bill 2, that language was included only in the text of 2951.02(C)(1)(a), which now relates to additional conditions of probation imposed on misdemeanants. R.C. 2929.15, which governs additional conditions of community control imposed on a felon, does not contain the above-quoted language of former R.C. 2951.02(C). Accordingly, we conclude that the *Jones* test is inapplicable here because Sturgeon was convicted of a felony and an additional community-control condition was imposed pursuant to R.C. 2929.15.

4

**{¶10}** Likewise, here, the state maintains that because the statutory language on which *Jones* relied is not contained in R.C. 2929.27(A)(8), which permits a court to impose drug and alcohol monitoring as a condition of community control, *Jones* is inapplicable. Thus, the state contends that "it is clear that the statutory authority provided by the legislature allows the Court to impose any community control sanction listed in §2929.27(A) it deems appropriate."

**{¶11}** However, following the changes to the statutory scheme made by Senate Bill 2, as discussed in *Sturgeon*, the Ohio Supreme Court utilized the *Jones* factors when reviewing a community control condition in *Talty*, 2004-Ohio-4888, at ¶ 11-13. Therein, the Supreme Court stated:

> *Jones* stands for the proposition that probation conditions must be reasonably related to the statutory ends of probation and must not be overbroad. Because community control is the functional equivalent of probation, this proposition applies with equal force to community-control sanctions. With the passage of Am.Sub.S.B. No. 2 in 1995, community control replaced probation as a possible sentence under Ohio's felony sentencing law. *Cleveland Bar Assn. v. Cleary* (2001), 93 Ohio St.3d 191, 192, 754 N.E.2d 235, fn. 1; *compare* R.C. 2929.15 *with* former R.C. 2951.02. *The community-control statute, despite changing the manner in which probation was administered, did not change its underlying goals of rehabilitation, administering justice, and ensuring good behavior—notwithstanding the lack of explicit language in the community-control statute to that effect. Consequently, we see no meaningful distinction between community control and probation for purposes of reviewing the reasonableness of their conditions.*

(Emphasis added.) *Talty* at ¶ 16. *Accord State v. Chapman*, 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6.

**{¶12}** After *Talty* was decided, the First District revisited its holding in *Sturgeon* in *State v. McClure*, 159 Ohio App.3d 710, 2005-Ohio-777, 825 N.E.2d 217, ¶ 9-11 (1st

5

Case No. 2023-G-0044

Dist.), and recognized the continued viability of the *Jones* test pursuant to *Talty*. Likewise, this court has relied on *Talty* when applying the *Jones* test. *See*, *e.g.*, *State v. Ryan*, 11th Dist. Lake No. 2021-L-032, 2021-Ohio-4059, ¶ 30, 34; *Bourne*, 2023-Ohio-2832, ¶ 19-20; *Conneaut v. Simmons*, 11th Dist. Ashtabula Nos. 2023-A-0023, 2023-A-0024, 2023-Ohio-4030, ¶ 21. Thus, the *Jones* test continues to be applicable to review the reasonableness of a community control condition.

{¶13} As applied to this case, at sentencing, Ballish objected to the alcohol and drug related community control conditions. The court replied: "Miss Ballish has been on probation with me for an alcohol and/or drug related offense previously, and within the last year and a half, so the Court is going to keep that as a term of probation." However, the record is devoid of any facts indicating that alcohol or drugs contributed to the theft offense of which Ballish was convicted in the instant case. Thus, the condition of community control here does not satisfy the second prong of *Jones*. "All three prongs must be satisfied for a reviewing court to find that the trial court did not abuse its discretion." (Citations omitted.) *Bourne* at ¶ 20.

{¶14} Nonetheless, the state compares the facts of this case to those present in *State v. Rivera*, 6th Dist. Wood Nos. WD-19-085, WD-19-086, 2021-Ohio-1343. Therein, the Sixth District upheld the trial court's community control conditions that the defendant engage in several assessments, including assessments for substance abuse, following his guilty plea to a fourth-degree misdemeanor charge of domestic violence. *Id.* at ¶ 5. On appeal, the defendant challenged the multiple assessments as unreasonable and arbitrary. *Id.* at ¶ 22. In discussing this issue, the Sixth District noted that those assessments were specifically authorized under R.C. 2929.27(A), and the defendant had

6

recently suffered two drug and alcohol related convictions. *Id.* at ¶ 22. Further, the Sixth District noted that "the parties' joint sentencing recommendation included the request that the court impose 'whatever *services* would be appropriate to help prevent any recidivism being that the parties will still likely have contact.'" (Emphasis added in *Rivera.*) *Id.*

{¶15} Unlike *Rivera*, no such joint sentencing recommendation exists in the present case. Moreover, the *Rivera* court made no mention of *Jones* or *Talty* and it is not clear whether the *Rivera* appellant raised the issue of the *Jones* factors. Thus, *Rivera* is not squarely on point with the present case. *Compare with State v. Wagener*, 6th Dist. Lucas Nos. L-21-1162, L-21-1163, L-21-1164, 2022-Ohio-724, ¶ 14-24 (applying the *Jones* "reasonable relationship" test to a condition of community control).

{¶16} Lastly, the state maintains that the Ohio Supreme Court did not apply a strict interpretation of the second prong of *Jones* in *Lakewood v. Hartman*, 86 Ohio St.3d 275, 714 N.E.2d 902 (1999). In *Hartman*, the defendant was convicted of driving under suspension. *Id.* at 276. As a condition of community control, the trial court restricted the defendant's driving privileges and required that she install an ignition interlock system, which tests for the presence of alcohol on an individual's breath, on her vehicle. *Id.* The court of appeals reversed the sentencing order based on its determination that the trial court abused its discretion in ordering the installation of the ignition interlock device. *Id.* at 276-277. On appeal to the Ohio Supreme Court, the Supreme Court reversed the judgment of the court of appeals and reinstated the trial court's conditions of probation, noting that the defendant had previously been convicted of four DUIs, and "[h]er suspended license *was directly related* to her DUI convictions." (Emphasis added.) *Id.* at 278 ("The imposition of [an ignition interlock] condition of probation is reasonably

7

related to the crime of which Hartman was found guilty."). *Compare with State v. Wooten*, 10th Dist. Franklin No. 03AP-546, 2003-Ohio-7159 (trial court erred in imposing substance abuse conditions where record did not indicate that the driving without a valid license offense was related to drugs or alcohol).

{¶17} Unlike *Hartman*, here, there are no facts contained in the record as to the nature of the theft offense that would indicate it was in any way related to drugs or alcohol.

{¶18} Accordingly, we must conclude that the trial court's imposition of the alcohol and drug related probation conditions constitutes an abuse of discretion pursuant to *Jones* and *Talty*. Therefore, Ballish's sole assignment of error has merit.

{¶19} Consequently, the judgment is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-G-0044