[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ballish*, Slip Opinion No. 2026-Ohio-503.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-503

THE STATE OF OHIO, APPELLANT, *v.* BALLISH, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ballish*, Slip Opinion No. 2026-Ohio-503.]**

*Sentencing—Misdemeanor probation—Abuse of discretion—Three-part test under* State v. Jones *does not apply to a condition of probation expressly authorized by R.C. 2929.27—Judgment reversed.*

(No. 2024-0899—Submitted June 25, 2025—Decided February 18, 2026.)

APPEAL from and the Court of Appeals for Geauga County,

No. 2023-G-0044, 2024-Ohio-1855.

_____

HAWKINS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, and SHANAHAN, JJ., joined.

**HAWKINS, J.**

{¶ 1} Upon her conviction for misdemeanor theft, appellee, Susan Ballish, received a suspended jail sentence and a one-year term of probation, also called

community control. As conditions of her probation, the trial court prohibited Ballish from using drugs and alcohol and from entering a bar. Applying the test for imposing conditions of probation articulated by this court in *State v. Jones*, 49 Ohio St.3d 51 (1990), the Eleventh District Court of Appeals vacated the sentence and remanded the cause to the trial court for resentencing, holding that because drugs and alcohol were not implicated in Ballish's theft offense, the trial court abused its discretion in imposing drug and alcohol monitoring as probationary conditions.

{¶ 2} The question before us is whether the test articulated in *Jones* is still applicable to conditions of probation that the General Assembly has expressly authorized. In reconciling this court's decision in *Jones* with the current misdemeanor-sentencing scheme, we conclude that the *Jones* test does not apply to conditions of probation that the General Assembly has statutorily enumerated.

{¶ 3} Because the General Assembly has expressly authorized drug-and-alcohol use monitoring, we review the challenged conditions for an abuse of discretion. We conclude that the trial court did not abuse its discretion in imposing Ballish's probation conditions. We therefore reverse the judgment of the Eleventh District.

## BACKGROUND

{¶ 4} In November 2023, Ballish pleaded guilty to one count of misdemeanor theft. As part of Ballish's sentence, the trial court imposed a one-year term of community control, commonly referred to as "probation."

{¶ 5} The trial court's sentencing order imposed on Ballish a number of conditions, including several drug-and-alcohol-related restrictions. At sentencing, Ballish objected to this monitoring, arguing that a condition of probation that is not "reasonably related" to rehabilitating the offender for the crime that she was convicted of is improper under *Jones*, 49 Ohio St.3d 51. The court rejected Ballish's objections to the probationary conditions, reasoning that Ballish had been

serving probation for a driving-under-the-influence-of-alcohol ("DUI") conviction within the previous 18 months.

{¶ 6} Ballish appealed to the Eleventh District, arguing that the trial court abused its discretion when it imposed drug and alcohol monitoring as probationary conditions because those conditions and her theft offense had no connection. The Eleventh District sustained Ballish's assignment of error. 2024-Ohio-1855, ¶ 18 (11th Dist.). In doing so, the court of appeals relied on *Jones*, in which this court set forth a three-part test for a sentencing court to apply when imposing conditions of probation: such conditions must be related to "'the interests of doing justice, rehabilitating the offender, and insuring his good behavior.'" *Jones* at 52, quoting former R.C. 2951.02(C), 142 Ohio Laws, Part II, 3742, 3743.

{¶ 7} Under the *Jones* test, a sentencing court "should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id*. at 53. "Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Id*. at 52.

{¶ 8} The Eleventh District held that the drug-and-alcohol-use monitoring that Ballish received violated the second prong of the *Jones* test because "the record is devoid of any facts indicating that alcohol or drugs contributed to the theft offense of which Ballish was convicted in the instant case." 2024-Ohio-1855 at ¶ 13 (11th Dist.). It added, "'All three prongs must be satisfied for a reviewing court to find that the trial court did not abuse its discretion.'" *Id*., quoting *State v. Bourne*, 2023-Ohio-2832, ¶ 20 (11th Dist.).

{¶ 9} We accepted the State's appeal on its sole proposition of law: "The test from *State v. Jones*, 49 Ohio St.3d 51, is not applicable to community control conditions that have been specifically authorized by statute." *See* 2024-Ohio-3313. We agree. When the General Assembly has expressly authorized a community-

control condition, the *Jones* test should not be applied to it. Instead, the condition should be reviewed for an abuse of discretion.

## ANALYSIS

{¶ 10} An appellate court reviews a trial court's imposition of community-control sanctions under an abuse-of-discretion standard. *State v. Talty*, 2004-Ohio-4888, ¶ 10; *see also Lakewood v. Hartman*, 1999-Ohio-101, ¶ 11. "We have defined an abuse of discretion as conduct that is unreasonable, arbitrary or unconscionable." *State v. Beasley*, 2018-Ohio-16, ¶ 12. Generally speaking, "a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to" the goals of probation. *State v. Chapman*, 2020-Ohio-6730, ¶ 8.

{¶ 11} Because the General Assembly significantly revised misdemeanor-sentencing laws after *Jones* and the new laws enumerate the probation conditions that a sentencing court may impose, we conclude that the trial court did not abuse its discretion when it imposed statutorily authorized probation conditions concerning drugs and alcohol.

{¶ 12} In *Jones*, five complaints were filed against the defendant alleging that he had contributed to the unruliness or delinquency of three underage boys. The defendant pleaded no contest and was placed on probation for five years with several conditions, including that he "have no association or communication, direct or indirect, with anyone under the age of eighteen (18 years) not a member of his immediate family." *Jones*, 49 Ohio St.3d at 52. The defendant challenged that condition, and the Sixth District Court of Appeals reversed, reasoning that the condition was "overbroad and unreasonable." *Id*. We reversed that judgment. *Id.* at 55.

{¶ 13} When we decided *Jones* in 1990, the misdemeanor-probation statute provided, "In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender

. . . . Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." Former R.C. 2951.02(C), 142 Ohio Laws, Part II, at 3743.

{¶ 14} This court recognized that a sentencing court's discretion in imposing probation conditions is not limitless, *Jones* at 52, and articulated the three-part test that courts should apply when formulating the conditions, *id.* at 53. In doing so, we held that restricting the defendant's contact with minors was reasonably related to rehabilitating him without being unduly restrictive, that the condition of probation related to his crime, and that although the condition itself did not directly relate to criminal conduct, it did reasonably relate to future criminality and served the statutory ends of probation. *Id.* Consequently, we held that the trial court did not abuse its discretion when it imposed the restriction involving contact with minors as a condition of the defendant's probation. *Id.* at 55.

{¶ 15} In 2004, the General Assembly overhauled Ohio's misdemeanor-sentencing scheme.[1] The Revised Code now permits a sentencing court to impose one or more community-control sanctions that are expressly authorized by statute as well as "any other conditions of release under a community control sanction that the court considers appropriate," R.C. 2929.25(A)(1)(a). In R.C. 2929.26 through 2929.28, the General Assembly has enumerated nonexhaustive lists of residential, nonresidential, and financial sanctions that the court may impose. Notably, R.C. 2929.27(A)(8) authorizes the court to impose a "term of drug and alcohol use monitoring, including random drug testing." Echoing *Jones*, the General Assembly articulated that if the court elects to impose community-control sanctions, those

---

1. The 2004 legislative reforms codified the provisions pertaining to community control at R.C. 2929.25 through 2929.28. Am.Sub.H.B. No. 490, 149 Ohio Laws, Part V, 9673, 9675-9683 (effective Jan. 1, 2004).

sanctions should be "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior," R.C. 2929.25(C)(2).

{¶ 16} The overarching purposes of misdemeanor sentencing are deterrence and punishment. R.C. 2929.21(A). To achieve these goals, "the sentencing court shall consider . . . the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id*. The General Assembly afforded courts the "discretion to determine the most effective way" to meet these goals. R.C. 2929.22(A).

{¶ 17} To determine the appropriate sentence for a misdemeanor, R.C. 2929.22(B)(1) requires a sentencing court to consider the following factors:

> (a) The nature and circumstances of the offense or offenses;
>
> (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
>
> (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
>
> . . .
>
> (e) Whether the offender is likely to commit future crimes in general . . . .

{¶ 18} The General Assembly has limited a sentencing court's otherwise broad discretion for misdemeanor sentencing in a few ways. First, before imposing a jail sentence, the court must consider the appropriateness of a community-control sanction or combination of those sanctions. R.C. 2929.22(C). Second, any jail sentence must be definite, and the degree of the misdemeanor limits the length of the jail sentence. R.C. 2929.24(A). And for community-control sentences, the sanctions cannot exceed five years. R.C. 2929.25(A)(2).

{¶ 19} For criminal sentencing, the General Assembly "may grant the court discretion in selecting from the consequences provided by law" or may "mandate certain consequences." *State v. Daniel*, 2023-Ohio-4035, ¶ 30. The sentencing court's role is to "'apply sentencing laws as they are written.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 10 (lead opinion), quoting *State v. Fischer*, 2010-Ohio-6238, ¶ 22.

{¶ 20} The current misdemeanor-sentencing scheme provides significantly more guidance to sentencing courts when imposing community-control sanctions than what existed when *Jones* was decided. Nevertheless, courts across Ohio continue to apply the *Jones* test when reviewing community-control sanctions, and this court has applied *Jones* in three such cases.

{¶ 21} In *Hartman*, 1999-Ohio-101, before the current misdemeanor-sentencing scheme was enacted, this court applied *Jones* to evaluate a probation condition requiring the installation of an ignition-interlock device in the defendant's car, even though the defendant's offense was driving without a valid operator's license. We upheld the condition because the defendant's history of driving under the influence of alcohol led to the suspension of her license. *Hartman* at ¶ 17. Therefore, the sentencing court's requiring installation of an ignition-interlock device was reasonably related to the offense that the defendant had committed. *Id.*

{¶ 22} A few years later, this court reviewed a sentencing court's order requiring a defendant to make "all reasonable efforts to avoid conceiving another

child" during his five-year probation, *Talty*, 2004-Ohio-4888, at ¶ 1. The defendant challenged this condition, arguing that it violated his constitutional right to procreate and was overbroad. This court declined to address the constitutional issue and instead held that the condition was overly broad under the *Jones* test. *Talty* at ¶ 25.

{¶ 23} More recently, another sentencing court imposed a community-control condition mirroring the condition that was imposed in *Talty* by requiring the defendant to "make all reasonable efforts to avoid impregnating a woman" during his term of community control, *State v. Chapman*, 2020-Ohio-6730, ¶ 1. This court reversed the sentence, holding that the condition was not reasonably related to the goals of community control or reasonably tailored to avoid impinging more than necessary on the defendant's liberty to procreate. *Id*. at ¶ 28.

{¶ 24} But whereas *Jones*, *Hartman*, *Talty*, and *Chapman* challenged conditions of probation that were not delineated in a statute, the present case involves a challenge to a community-control condition that a statute specifically authorizes. Because misdemeanor sentencing is a function of statute and the General Assembly has enumerated conditions that a sentencing court may impose, we decline to apply the *Jones* test to conditions that the legislature has expressly authorized. Instead, when a condition of probation has been expressly authorized by statute, we review a sentencing court's imposition of such conditions only under an abuse-of-discretion standard.

{¶ 25} Here, the trial court exercised its discretion pursuant to R.C. 2929.22(A) and sentenced Ballish to a one-year term of community control. As conditions of Ballish's community control, the trial court imposed drug-and-alcohol-use conditions, which R.C. 2929.27(A)(8) expressly authorizes. Pursuant to R.C. 2929.22(B)(1)(b), the trial court also properly considered Ballish's criminal history, which included a recent DUI offense, when it imposed the conditions of Ballish's community control. The trial court therefore did not act in an

unreasonable, arbitrary, or unconscionable manner when it imposed drug-and-alcohol use monitoring as part of Ballish's one-year term of community control.

{¶ 26} A final note: the legislature's 2004 overhaul of Ohio's misdemeanor-sentencing scheme does not render the *Jones* test meaningless. The General Assembly did not limit sentencing courts to impose only those conditions specifically enumerated by statute. R.C. 2929.25(C)(2) authorizes a sentencing court to impose "additional requirements on the offender" so long as the conditions are "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior." Because the statutory language on which this court relied in *Jones* has been recodified in R.C. 2929.25(C)(2), the test articulated in *Jones* remains relevant to those conditions devised by a sentencing court that are not expressly authorized by law. The *Jones* test, however, is not applicable to a sentencing court's imposition of those community-control sanctions that the legislature has expressly authorized under R.C. 2929.27.

## CONCLUSION

{¶ 27} Ohio's misdemeanor-sentencing scheme has changed significantly since this court articulated a three-part test for imposing conditions of probation in *Jones*, 49 Ohio St.3d 51, over three decades ago. The General Assembly has authorized sentencing courts to impose a number of specific community-control sanctions, including those that monitor the use of drugs and alcohol by probationers. When the legislature has enumerated specific community-control sanctions, we review a sentencing court's imposition of those sanctions for an abuse of discretion, asking whether the condition is unreasonable, arbitrary or unconscionable, not under the *Jones* test.

{¶ 28} R.C. 2929.27(A)(8) authorizes a sentencing court to impose drug-and-alcohol-use monitoring as a condition of probation. The court of appeals erred by applying the *Jones* test to a condition expressly authorized by statute. Because the trial court did not act unreasonably, arbitrarily, or unconscionably in imposing

the challenged probation conditions, we reverse the judgment of the court of appeals and reinstate the trial court's sentencing order.

Judgment reversed.

_____

James R. Flaiz, Geauga County Prosecuting Attorney, and Nicholas A. Burling, Assistant Prosecuting Attorney, for appellant.

Elizabeth R. Miller, Ohio Public Defender, and Kathleen A. Evans, Assistant Public Defender, for appellee.

Dave Yost, Attorney General, and Mathura J. Sridharan, Solicitor General, urging reversal for amicus curiae, Ohio Attorney General Dave Yost.

_____