[Cite as *State v. Hammond*, 2026-Ohio-1258.]

IN THE FIFTH DISTRICT COURT OF APPEALS
GUERNSEY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA000031 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case No. 25-CR-14 |
| CLAY HAMMOND | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: April 6, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; David M. Gormley, Judges

**APPEARANCES:** Lindsey Angler, Prosecuting Attorney, for Plaintiff-Appellee; Todd W. Barstow, for Defendant-Appellant.

*Hoffman, J.*

{¶1}  Defendant-appellant Clay A. Hammond appeals the judgment entered by the Guernsey County Common Pleas Court convicting him following his plea of guilty to unlawful sexual conduct with a minor, a felony of the fourth degree (R.C. 2907.04(A)), and sentencing him to a period of community control of five years.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  From the dates of October 7, 2024, through October 9, 2024, Appellant, who was twenty-nine years old, engaged in sexual conduct with the victim, who was

fifteen years old. Appellant met the victim while both worked at the McDonald's restaurant in Cambridge, Ohio.

{¶3} Appellant was indicted by the Guernsey County Grand Jury with one count of unlawful sexual conduct with a minor, including an allegation Appellant was more than ten years older than the victim at the time of the offense, which made the offense a felony of the third degree. Pursuant to a negotiated plea agreement, the State agreed to strike the allegation Appellant was more than ten years older than the victim, making the offense a felony of the fourth degree, in exchange for which Appellant would enter a plea of guilty to the amended charge. The parties jointly recommended a sentence of five years of community control, including sex offender counseling through an accredited agency, a no contact order with the named victim, and a requirement Appellant register as a Tier II sex offender. The trial court convicted Appellant upon his plea and sentenced Appellant to five years of community control, in accordance with the joint recommendation of the parties. As a condition of community control, the trial court prohibited Appellant from using marijuana, despite the fact Appellant had a medical marijuana card. It is from the August 1, 2025, judgment of the trial court Appellant prosecutes his appeal.

{¶4} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id*. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw, and (2) allow the client sufficient time to raise any

matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶5} We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN ACCEPTING HAMMOND'S GUILTY PLEA UNDER CRIMINAL RULE 11 AND ERRED IN SENTENCING HAMMOND.

{¶6} Counsel concedes the trial court engaged in a complete plea colloquy as required by Crim. R. 11. Upon review of the transcript of the plea hearing, we find no error in the trial court's acceptance of Appellant's guilty plea.

{¶7} Appellant was sentenced to a period of five years of community control in accordance with the jointly recommended sentence. R.C. 2953.08(D)(1) provides, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The sentence in this case was authorized by law, jointly recommended by Appellant and the State, and was imposed by a sentencing judge, and therefore is not subject to this Court's review on appeal.

**{¶8}** Although Appellant did not object to the trial court's prohibition on use of his medical marijuana card as a condition of community control, we find the trial court did not err in imposing the condition. In considering whether a restriction on the use of medical marijuana as a condition of community control is overbroad, this Court has applied the test set forth by the Ohio Supreme Court in *State v. Talty,* 103 Ohio St. 3d 177, 180: "whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *See State v. Lynn,* 2023-Ohio-4429 (5th Dist.). In the instant case, the trial court found drug use played a role in Appellant's failure to finish high school, and Appellant smoked marijuana with the victim. The trial court specifically referenced this Court's opinion in *Lynn*, finding marijuana played a role in Appellant's criminal conduct with the victim in the instant case. However, subsequent to the trial court's decision, the Ohio Supreme Court held where a condition of community control is expressly authorized by statute, the *Talty* factors should not be applied, and the sentence should be reviewed solely for an abuse of discretion. *State v. Ballish*, 2026-Ohio-503, ¶¶ 24, 28. R.C. 2929.17(H) specifically allows the trial court in this case to impose "[a] term of drug and alcohol use monitoring, including random drug testing." We find the trial court did not abuse its discretion in imposing a prohibition on Appellant's use of medical marijuana as a condition of community control, as the condition is expressly allowed by statute.

**{¶9}** After independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we

find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Guernsey County Court of Common Pleas.

{¶**10**} For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed.

{¶**11**} Costs to Appellant.

By: Hoffman, J.

King, J. and

Gormley, J. concur.