[Cite as *State v. Williams*, 2026-Ohio-2033.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-07-078 |
| vs. | : | <u>OPINION AND</u><br><u>JUDGMENT ENTRY</u><br>6/1/2026 |
| GERMAINE MONTEL WILLIAMS, | : | |
| Appellant. | : | |
| | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2024-08-1253


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.


## **O P I N I O N**


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Germaine Williams, appeals from the sentence imposed by the

Butler County Court of Common Pleas following his guilty plea to aggravated assault. For

the reasons discussed below, we affirm the trial court's decision.

{¶ 2} In September 2024, a Butler County Grand Jury indicted Williams on one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. The charge of the indictment stemmed from allegations that on August 10, 2024, Williams engaged in an altercation with the victim, his neighbor, during which he hit the victim in the head with a hammer and struck the victim's leg with a rake. The altercation occurred in the alleyway near 1114 Kunz Avenue in Middletown, Ohio ("the Kunz Avenue Address"), where Williams resided at the time of the incident. The victim lived next door at 1113 Kunz Avenue. Williams pled not guilty to the charge and the matter was set for trial.

{¶ 3} On May 16, 2025, pursuant to an agreement with the State, Williams pled guilty to the reduced charge of aggravated assault, a felony of the fourth degree. During the plea hearing, the court discussed Williams' presence at the Kunz Avenue Address and an existing protection order against Williams at that time.[1] According to the court, at the time of the plea hearing, Williams could access his home on Kunz Avenue but could not contact the victim in this case or other neighbors with whom Williams had "interactions with" previously. The court cautioned Williams that while he was permitted to be at the property, any interaction with his neighbors should be "cordial and respectful."

{¶ 4} The trial court ordered a presentence-investigative report ("PSI report") and the matter proceeded to sentencing on July 8, 2025. During the sentencing hearing, the court engaged in the following discussion with Williams' counsel:

> THE COURT: [W]e also discussed in chambers one of the Court's greatest concerns right now is it appears that his presence on Kunz Avenue has at least . . . contributed to what

_____

1. The record reflects the protection order prohibited Williams from having any contact with his next-door neighbor or coming within ten feet of him. It is unclear from the record whether the protection order was obtained by the victim in this case, or by a different neighbor. The court advised Williams to avoid "any interaction, whatsoever" with his neighbor between the plea hearing and his sentencing hearing.

is occurring and what has been occurring and the incident that we're here for today. The Court's inclination if granting probation is that Mr. Williams is not to be at the Kunz Avenue address. Is that something that can be taken care of or handled?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: Thank you. Well, the only concern he had, Judge, is in terms of the grass cutting or something like that. Is it possible if he has a score or someone to help him to facilitate those kind of things? Maybe, you know, once a week or something like that.

THE COURT: All right. Well, I was going to get to the opportunity for Mr. Williams to say something, but I'll go ahead and ask this of you, and you may need to confer with him. If he's doing grass cutting one time a week, is there a specific time of day or specific days of the week when that would be occurring?

[DEFENSE COUNSEL]: On Thursday evening, Your Honor, and maybe just for maybe a two-hour period. Two-hour period, and he would have someone with him as well.

. . .

THE COURT: And I think I heard your client as well make the comment that it could be Fridays. What I'm going to say is we'll leave it on Thursdays. If it's raining on Thursday, you can go Friday.

[DEFENSE COUNSEL]: Thank you, Judge. Thank you so much.

{¶ 5} At the conclusion of the sentencing hearing, the trial court sentenced Williams to five years of community control. In so doing, the court clarified that Williams resided at 1905 Circle Ginny and that Williams' mother lived at the Kunz Avenue Address. The court then stated that, as a condition of his community control, Williams could not be within 500 feet of the victim, but had permission to be at the Kunz Avenue Address on Thursdays or Fridays between 6 p.m. and 8 p.m. Williams made no objection to the

conditions of his community control sentence.

{¶ 6} The following day, on July 9, 2025, the trial court issued a written judgment entry of conviction, in which it detailed the specific sanctions and conditions of Williams' community control. The trial court also issued a postconviction no contact order, which prevented Williams from being within 500 feet of the victim for a period of five years.

{¶ 7} Williams now appeals, raising the following assignment of error for this court's review:

{¶ 8} THE TRIAL COURT IMPOSED AN UNREASONABLE AND OVERBROAD COMMUNITY CONTROL SANCTION ON THE APPELLANT.

{¶ 9} In his assignment of error, Williams argues the trial court abused its discretion when it imposed a community control sanction that is overbroad and unreasonable. Specifically, Williams contends the condition restricting his access to the Kunz Avenue Address is completely overbroad and unreasonable because it unnecessarily forces Williams to move from his home. As such, Williams asks this court to vacate the condition of community control that requires him to leave the Kunz Avenue Address.

{¶ 10} R.C. 2929.15 allows trial courts to impose community control sanctions when the General Assembly does not require them to impose a prison sentence. *State v. Logan*, 2025-Ohio-1772, ¶ 20. Generally, we review a trial court's imposition of community control sanctions under an abuse-of-discretion standard. *State v. Ballish*, 2026-Ohio-503, ¶ 10; *State v. Ellis*, 2022-Ohio-2330, ¶ 24 (12th Dist.). However, when a party fails to object to the issue now appealed, we review for plain error. Crim. R. 52(B); *State v. Lang*, 2011-Ohio-4215, ¶ 108. An alleged error constitutes plain error only if the error is obvious, and but for the error, the outcome of the trial clearly would have been different. *State v. Blankenburg*, 2012-Ohio-1289, ¶ 53 (12th Dist.), citing *Lang* at ¶ 108. Notice of plain error

- 4 -

is to be taken with utmost caution and should be invoked only to prevent a manifest miscarriage of justice. *Id*.

{¶ 11} Williams does not argue plain error in his appellate brief. We note that, "it is not our duty to construct a plain error argument on his behalf." *State v. Oghojafor*, 2023-Ohio-44, ¶ 104 (12th Dist.). For this reason alone, Williams' assignment of error lacks merit and should be overruled. *Id*.

{¶ 12} However, even if we were to consider Williams' arguments, no plain error occurred in this case. As this court has acknowledged, a trial court's discretion in imposing community control sanctions is not limitless. A condition "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *State v. Chapman*, 2020-Ohio-6730, ¶ 8. However, a court will not be found to have abused its discretion in fashioning a community control sanction "as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *Id*.

{¶ 13} In determining whether a community control sanction is related to the three probationary goals above, courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones*, 49 Ohio St.3d 51, 53 (1990); *State v. Talty*, 2004-Ohio-4888, ¶ 12; *Chapman* at ¶ 23. All three prongs must be satisfied for a reviewing court to find that the trial court did not abuse its discretion. *Ellis*, 2022-Ohio-2330, at ¶ 25 (12th Dist.).

{¶ 14} In its judgment entry, the trial court detailed the conditions of Williams' community control, including the condition restricting his presence on Kunz Avenue. That condition states that "[Williams] is ordered to stay away, at least 500 feet from the

properties along Kunz Avenue in the City of Middletown except for Thursday of each week, where he is permitted to be at [the Kunz Avenue Address], for the purpose of assisting in caring for the lawn and home."

{¶ 15} Williams argues this condition is overly broad and unreasonable because it forces him to leave his residence, despite never committing any violent crimes against his neighbors and that the victim was not a resident of the neighborhood. Williams further argues the court could have tailored the condition so that Williams could be present at the home if other conditions were met, such as his participation in mental health treatment or a nightly curfew.

{¶ 16} Notably, the record reveals that Williams agreed to the condition of community control that he now contends is overbroad and unreasonable, and assisted the court in crafting his community control sanction. In so doing, Williams represented to the court that he was amenable to staying away from the Kunz Avenue Address so long as he had weekly access to tend to the home's yard. The record reveals the court incorporated Williams' request into its judgment entry, as he is permitted access to the Kunz Avenue Address every Thursday or Friday for two hours. In light of Williams' involvement in crafting his community control sanction, we conclude that any error that occurred below was introduced by Williams. As such, the invited error doctrine prevents any success on appeal. *See State v. Murphy*, 2001-Ohio-112, ¶ 122 ("[u]nder the settled principle of invited error, a litigant may not take advantage of an error which he himself invited or induced"); *see also State v. Kinsworthy*, 2014-Ohio-1584, ¶ 28 (12th Dist.).

{¶ 17} Williams argues the invited error doctrine does not apply in this case because the trial court, not he, prompted the discussion regarding his presence on Kunz Avenue. While it is true that the trial court initially suggested the community control condition at issue, Williams more than acquiesced with the court's suggestion. Instead,

the record reflects he and his counsel participated in crafting a condition that remedied the court's concerns while permitting the access Williams desired. Ultimately, Williams agreed with the restriction suggested by the court and confirmed that he lived elsewhere at that time. Based upon these facts, we conclude Williams was actively responsible for any error relating to his inability to access Kunz Avenue. *Murphy* at ¶ 122.

{¶ 18} Notwithstanding the above, even if the error was not induced by Williams, we do not otherwise find any merit to his claims. As discussed above, Williams only challenges the community control condition that restricts his presence on Kunz Avenue. Although the court referenced the Kunz Avenue Address as Williams' "house" and "residence" during the plea hearing, Williams later confirmed at the sentencing hearing that he lived at 1905 Circle Ginny and that his elderly mother lived on Kunz Avenue. Williams' residency change is reflected in multiple places throughout the record, including in the PSI report and the more recent court filings in this case, which all identify 1905 Circle Ginny as Williams' address. Thus, even if Williams lived at the Kunz Avenue Address at the time of the altercation and plea hearing, it appears Williams' circumstances had changed by the time of the sentencing hearing. Consequently, we disagree with Williams that the terms of his community control forced him to leave his residence. Rather, according to his own statement to the court, Williams had moved from the Kunz Avenue Address before the trial court imposed community control.

{¶ 19} We also reject Williams' argument that the condition at issue is overly broad or unreasonable. In applying the *Talty* factors, the record reflects that removing Williams from the Kunz Avenue neighborhood is directly related to the crime of which Williams was convicted and is related to his rehabilitation. As discussed above, Williams was charged after striking his neighbor in the face with a hammer. The victim resides next door to the Kunz Avenue Address and the altercation arose from Williams' longstanding belief that

the victim stole his property. The court could reasonably infer that removing Williams from the neighborhood would also remove the set of circumstances that prompted his behavior in the instant case, and therefore, allow Williams to focus on his rehabilitation. *See State v. Keever*, 2012-Ohio-4643, ¶ 16, 22 (12th Dist.) (finding a community control restriction that effectively forced the appellant to move from his mother's house and support system was not overbroad or unreasonable); *see also Lakewood v. Bretzfelder*, 2013-Ohio-4477, ¶ 43-45 (8th Dist.) (citing *Keever* and upholding a condition that the defendant not return to the condominium in which he was residing at the time he committed the offenses). Stated differently, removing Williams from Kunz Avenue is a reasonable way to ensure that he cannot continue to engage in the behavior that gave rise to his conviction in this case. *Keever* at ¶ 21.

{¶ 20} There is also evidence in the record that restricting Williams' presence on Kunz Avenue is reasonably related to preventing future criminality or dangerous encounters between Williams and others. According to Williams' version of events, which are detailed in the PSI report, he and the victim have a history of negative interactions and, over the years, Williams developed animosity toward the victim. Williams accused the victim of stealing from him and of "pulling a gun" on him on another occasion. In light of Williams' comments, it is apparent that the relationship between Williams and the victim remains tumultuous and strained. There is additional evidence in the record that Williams has a similar relationship with others in the neighborhood. Although there is no evidence that Wiliams committed violent crimes against other neighbors, the record reflects a neighbor obtained a protection order against him and multiple other neighbors provided letters to the court voicing their concern with Williams and his interactions with those within the neighborhood. Although Williams provided several letters in mitigation, only a few spoke positively of his presence in the neighborhood. Therefore, effectively removing

Williams from the neighborhood is directly related to preventing future altercations involving Williams and his neighbors, including the victim.

{¶ 21} Based upon these facts, we find the trial court did not err when it imposed a community control condition that restricts Williams' presence on Kunz Avenue. This is because, in accordance with the above, the community control condition was not overbroad or unreasonable, nor did it create a manifest injustice. Therefore, we decline to find plain error in this case and overrule Williams' assignment of error.

{¶ 22} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Mike Powell, Judge*

*/s/ Melena S. Siebert, Judge*